UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | ) | |
| RALPH BISBANO JR., Individually and as Administrator of THE ESTATE OF RALPH BISBANO SR.; BRIAN BISBANO, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:25-cv-00604-MSM-PAS |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Government's Partial Motion to Dismiss. (ECF No. 6.) The plaintiffs are Ralph Bisbano, Jr., who is suing in both his individual capacity and in his capacity as administrator of the estate of his deceased father Ralph Bisbano, Sr. ("Mr. Bisbano"), and Brian Bisbano, also a son of the late Mr. Bisbano (collectively, "Plaintiffs"). (ECF No. 1 ¶ 1–2.) The Government seeks dismissal of Ralph Bisbano, Jr. and Brian Bisbano and their corresponding claims, arguing that the Court lacks subject-matter jurisdiction over their claims under Federal Rule of Civil Procedure 12(b)(1) because they failed to administratively exhaust their claims before filing suit. (ECF No. 6 at 1.) For the following reasons, the Court GRANTS the Government's Partial Motion to Dismiss.

Plaintiffs' Complaint alleges that Mr. Bisbano's death was the result of deficient medical care received from the Department of Veteran Affairs ("VA"), as operated through the Providence Veterans Affairs Medical Center. (ECF No. 1 ¶¶ 7–23.) Following Mr. Bisbano death, the VA received a written administrative claim for damages from an attorney representing his estate. (ECF No. 6-1.)[1] That claim identified only one claimant, Mr. Bisbano, and only alleged injuries related to him. *See id.* The claim's only mention of either of Mr. Bisbano's sons was its identification of Ralph Bisbano, Jr.'s capacity as administrator of Mr. Bisbano's estate. *See id.* The VA denied the administrative claim after its investigation determined that "there was no negligent or wrongful act on the part of a VA employee acting within the scope of employment that caused compensable harm." (ECF No. 6-1 at 9.) The VA's denial letter, dated June 30, 2025, included information on how to file an FTCA claim challenging its determination. *Id.*

Plaintiffs filed this lawsuit on November 17, 2025. (ECF No. 1.) Plaintiffs assert wrongful death, loss of society and companionship, and related claims against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680, based on the allegedly deficient medical care received by Mr. Bisbano. *Id.* ¶¶ 24–58. Counts One, Four, and Seven of Plaintiffs' Complaint assert

---

[1] The Court may properly consider the administrative claim, which is attached as an exhibit to the United States' Motion to Dismiss. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) ("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion . . . .").

claims by Mr. Bisbano's sons based on their loss of their father's society and companionship. *Id.* ¶¶ 24–30; 35–43; 48–54.

The Government argues that the Court lacks subject-matter jurisdiction over Mr. Bisbano's sons' claims because neither the sons nor their present claims were identified in the administrative claim. (ECF No. 6.) Generally, the doctrine of sovereign immunity prohibits individual lawsuits against the federal government for damages. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Absent a waiver of that immunity, federal courts lack subject-matter jurisdiction over damages claims against the Government. *Davallou v. United States*, 998 F.3d 502, 504 (1st Cir. 2021). The FTCA acts as a limited waiver of sovereign immunity but requires that an individual who seeks to sue the Government first present an administrative claim to the relevant federal agency. *Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017); *see* 28 U.S.C. §§ 2401(b), 2675(a). To present a claim to an agency, an individual must send a completed claim form "or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a).

Claimants who fail to satisfy this notice requirement are barred from suing the Government under the FTCA. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The purpose of this requirement is to facilitate settlement and reduce the burden of FTCA litigation. *Id.* at 112 n.7. The First Circuit "approaches the notice requirement leniently, 'recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to

3

put up a barrier of technicalities to defeat their claims.'" *Santiago-Ramirez v. Sec. of Dept. of Def.*, 984 F.2d 16, 19 (1st Cir. 1993) (quoting *López v. United States*, 758 F.2d 806, 809 (1st Cir. 1985)).  A plaintiff satisfies the notice requirement "if he or she provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought."  *Id.* (citing *López*, 758 F.2d at 809–10).

It is undisputed that neither Ralph Bisbano, Jr. nor Brian Bisbano submitted administrative claims in their individual capacities to the VA before commencing this lawsuit.  Plaintiffs argue, however, that the administrative claim submitted on behalf of Mr. Bisbano's estate sufficiently notified the Government of their claims.  (ECF No. 8 at 11–18.)  For support, Plaintiffs rely chiefly on *Urizar-Mota v. United States*, 556 F. Supp. 3d 64 (D.R.I. 2 021), where the court found that a woman's administrative claim sufficiently notified the Government of derivative claims later brought by her husband and children, despite the administrative claim having not identified those other individuals as claimants.

Generally, courts faced with similar derivative claims have determined that *each* claimant must exhaust their claims administratively (i.e., by notifying the Government) before suing.  For example, in *López-De Robinson v. United States*, the First Circuit identified the purpose of the exhaustion requirement as encouraging settlement and explained that "[a]llowing one claimant's exhaustion of her administrative remedies to satisfy the exhaustion requirement for other possible claimants would make it extremely difficult for the agency to know the value of the

suit, thus making settlement less likely." No. 96-1702, 1997 WL 259551, at *3 (1st Cir. May 13, 1997) (unpublished); *see generally Wozniak v. United States*, 701 F. Supp. 259, 262 (D. Mass. 1988) (collecting cases to establish that it is "well settled by an impressive number of cases that, where loss of consortium is a separate and independent claim under the applicable state law, it must be expressly raised in an administrative claim to satisfy the jurisdictional requirements of the Act").

Plaintiffs' case is also meaningfully distinct from *Urizar-Mota*. In that case, the court found the notice requirement satisfied when the administrative claim, while not specifying a woman's husband and children as claimants, sufficiently notified the Government of derivative claims by describing that the woman was married, suffered "permanent, life-altering disabilities," had "returned home with her family," was "no longer able to manage the household as she used to do," and was debilitated in her "ability to care for her younger children." *Urizar-Mota*, 556 F. Supp. 3d at 69. Here, however, the administrative claim provided no information whatsoever regarding how Mr. Bisbano's death might give rise to claims by his sons. *See* ECF No. 6-1 at 4. Instead, the administrative claim merely describes the allegedly negligent medical care for Mr. Bisbano and his subsequent death. *Id.* This is not sufficient to constitute adequate notice of Mr. Bisbano's sons' claims under *Urizar-Mota*'s interpretation of the notice requirement.

Plaintiffs' other arguments against dismissal of Mr. Bisbano's sons' claims are unavailing. First, Plaintiffs contend that the VA should be equitably estopped from arguing that it lacked notice of Mr. Bisbano's sons' claims because the VA

"intentionally and knowingly" reached out to them to inform them of the medical circumstances of their father's death and to advise them of their legal rights relating to his death. *See* ECF No. 8 at 8–11. But Plaintiffs present no legal authority supporting that theory, which appears to directly conflict with *Office of Personnel Management v. Richmond*, where the Supreme Court explained that it "has never upheld an assertion of estoppel against the Government by a claimant seeking public funds." 496 U.S. 414, 434 (1990). Second, Plaintiffs invoke Federal Rule of Civil Procedure 1 to suggest that the Court should construe their administrative claim in a way that secures "the just, speedy, and inexpensive determination" of this case, *see* ECF No. 8 at 19, but that is precisely the purpose for which Congress imposed the notice requirement for FTCA claims.

The Court finds that Ralph Bisbano, Jr. and Brian Bisbano failed to comply with the FTCA's notice requirements. The Court therefore GRANTS the Government's Partial Motion to Dismiss (ECF No. 6). Ralph Bisbano, Jr. and Brian Bisbano are DISMISSED as plaintiffs in their individual capacities. Counts One, Four, and Seven of Plaintiffs' Complaint (ECF No. 1) are likewise DISMISSED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 28, 2026

6